IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:18-CV-59-FL

| | | |
|---|---|---|
| DESPINA N.A. LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (DE 18). This matter also comes before the court on plaintiff's cross-motion to dismiss defendant's motion. (DE 27). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates issued a memorandum and recommendation ("M&R") (DE 30), wherein it is recommended that the court deny plaintiff's motion and grant defendant's motion. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, defendant's motion is granted, and plaintiff's motion is denied.

## STATEMENT OF THE CASE

Plaintiff, proceeding pro se, commenced this action on November 19, 2018, alleging claims against defendant under the Social Security Act of 1935, as amended ("SSA"), 42 U.S.C. § 402 et seq., and the Federal Tort Claims Act of 1946, as amended ("FTCA"), 28 U.S.C. §§ 1346 & 2671

et seq. Plaintiff seeks unpaid social security benefits and damages. On March 13, 2019, defendant filed its instant motion to dismiss, relying upon declarations from Ray West ("West"), a management analyst on the Retirement and Survivors Insurance Program Team in the Social Security Administration's Center for Disability and Programs Support, and Brandon Dell'Aglio ("Dell'Aglio"), an attorney and FTCA Team Leader for the Social Security Administration. Defendant also relies upon plaintiff's request for reconsideration filed with the Social Security Administration on December 27, 2018. Plaintiff subsequently filed her instant motion to dismiss defendant's motion, relying upon documentation of her correspondence with the Social Security Administration.

## STATEMENT OF FACTS

The facts alleged in plaintiff's complaint may be summarized as follows. Defendant owes plaintiff for back payment of spousal benefits in an unknown amount, believed to be approximately $10,000.00. (Compl. (DE 5) at 4).[1] In September or October 2017, plaintiff received a letter from defendant advising of her eligibility for spousal benefits. (Id. at 5). Plaintiff contacted the Elizabeth City office of the Social Security Administration, and the person to whom she spoke informed her that she would receive spousal benefits but would not receive back benefits based on an erroneous contention that plaintiff did not contact the Social Security Administration in 2014. (Id.). Defendant told her to appeal the decision. (Id.). Plaintiff did appeal the decision in December 2017. (Id.). In February 2018, defendant contacted plaintiff by phone and told her that her documents were received, and she would be informed of a resolution within 60 days. (Id.). Plaintiff called back in March 2018 and May 2018 to inquire as to the status of her appeal, but she received no response. (Id.). In August 2018 when she called, the Social Security Administration

---

[1] Page citations to the record are to the page numbers assigned by the court's CM/ECF electronic filing system.

representative told plaintiff that her documents were still in the processing center and asked her if she really needed the money. (Id.). In September 2018, a manager at the Social Security Administration advised plaintiff that it had no record of an appeal by plaintiff. (Id. at 5–6). Plaintiff contends that defendant's negligence and errors in record keeping caused the problems and delays in her receipt of benefits to which she is entitled. (Id. at 6). She also alleges that defendant falsely accused her of harassment. (Id. at 4).

Additional facts pertinent to the court's jurisdictional inquiry will be discussed below.

## COURT'S DISCUSSION

A.  Standard of Review

The court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

   1.  Social Security Benefits Claims

The SSA provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action." 42 U.S.C. § 405(g). "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." Id. § 405(h). Thus, to challenge the denial of disability benefits under the SSA, "[t]he only avenue for judicial review is 42 U.S.C. [§] 405(g), which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite." Mathews v. Eldridge, 424 U.S. 319, 327 (1976).

"The term 'final decision' is not only left undefined by the Act, but its meaning is left to the Secretary to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 766 & n.9 (1975) (citing 42 U.S.C. § 405(a)). The Social Security administrative review process includes 1) an initial determination of benefits, 2) reconsideration, 3) hearing before an administrative law judge ("ALJ") and decision, and 4) Appeals Council review or denial of review. 20 C.F.R. § 404.900(a)(1)–(4). Once plaintiff completes each step of the administrative review process, a "final decision" has been issued and the district court may exercise jurisdiction under 42 U.S.C. § 405(g) to review that final decision. 20 C.F.R. § 404.900(a)(5); see 20 C.F.R. § 404.981.

"Initial determinations are the determinations we make that are subject to administrative and judicial review." 20 C.F.R. § 404.902. Initial determinations an exhaustive list of decisions, including but not limited to eligibility for benefits, amount of benefits, deductions or reduction of benefits, and claims for benefits based on alleged misinformation. Id. § 404.902(a)–(x); see 20 C.F.R. § 404.633.

Here, plaintiff began receiving disability insurance benefits ("DIB") in December 2010. (West Decl. (DE 20-1) ¶ 3). The state paid plaintiff's Medicare premia from December 2012 until October 2013 and then began paying the premia again in January 2014. (Id. ¶ 4). During the period when the state did not pay plaintiff's Medicare premia, the agency took the premium amount out of plaintiff's monthly DIB payment. (Id. ¶ 5). Plaintiff then applied for retirement benefits on the earnings record of her previous husband as a divorced spouse. (Id. ¶ 6).

Plaintiff's birthday is in December 1952, and she reached full retirement age in December 2018. (Id. ¶ 8). Plaintiff filed the retirement benefits application on her previous husband's account in September 2017, for benefits beginning in September 2017. (Id. ¶ 9). The amount of plaintiff's spousal benefits as a divorced spouse was reduced from the maximum amount because she applied for and began receiving the benefits prior to her achievement of full retirement age. (Id. ¶¶ 7, 10).

Plaintiff requested reconsideration of the entitlement date of her spousal benefits on December 28, 2017. (Id. ¶ 11; Request for Reconsideration (DE 20-2) at 1). Plaintiff's request alleged misinformation based on a January 2014 phone call with the Social Security Administration, where she was informed her records showed that she was single at the time her Medicare premia were deducted. (Request for Reconsideration (DE 20-2) at 1). On March 11, 2019, the agency issued a decision dismissing plaintiff's request for reconsideration, finding that "no initial determination was ever made with regard to your allegation of misinformation." (West Decl. (DE 20-1) ¶ 13; Denial of Reconsideration (DE 25) at 25–26). The agency further explained that "[w]e will forward your request to your local office and they will make an initial determination on your allegation and determine if you are entitled to an earlier month of entitlement." (Denial of Reconsideration (DE 25) at 25–26).

On March 25, 2019, the agency's Elizabeth City office issued initial determination that the agency did not misinform plaintiff about her eligibility date for spousal benefits, and that plaintiff was not entitled to an earlier filing date. (Initial Determination (DE 25) at 27–28). The initial determination explained to plaintiff that, to appeal the decision, plaintiff would have to file a request for reconsideration with the Social Security office. (Initial Determination (DE 25) at 27).

The record does not show that plaintiff ever sought reconsideration, requested hearing before an ALJ, or requested Appeals Council review after receiving her March 25, 2019, initial determination from the agency that she was not misinformed about her eligibility for spousal benefits. As no final decision has been rendered by the Commissioner, the court may not review plaintiff's claim for spousal benefits under the SSA.[2]

2. Tort Claims

Sovereign immunity protects the federal government and its agencies from being sued, absent an express waiver of such immunity. Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). The FTCA provides such a waiver, enumerating that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674. The jurisdictional provision for FTCA provides that the district courts

> shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private

---

[2] "[E]xhaustion of administrative remedies may be excused if the claim is collateral to the claim for benefits, the claimants would be irreparably harmed, and relief is consistent with policies underlying the exhaustion requirement." Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986) (citing Bowen v. City of New York, 476 U.S. 467, 482–86 (1986)). Plaintiff's claims do not satisfy the requirements for excusing exhaustion of administrative remedies.

person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

The SSA limits the court's jurisdiction with respect to claims a plaintiff may bring against the Social Security Administration. Specifically, "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h). A claim arises under the SSA when the SSA "provides both the standing and the substantive basis" for plaintiff's claims. Salfi, 422 U.S. at 760–61. In other words, a FTCA claim is barred where "[a] trial of the present action would require a relitigation of the denial of social security benefits." Jarrett v. United States, 874 F.2d 201, 204 (4th Cir. 1989).

Here, plaintiff's FTCA claim stems from the Social Security Administration's alleged negligence in processing her request for back payment of spousal benefits, and negligence in maintaining records pertaining to distribution of her benefits. (Compl. at 6). She seeks to recover damages for "being made homeless" and being told that she never qualified for back payment of spousal benefits. (Id. at 4). Plaintiff's denial of spousal benefits under the SSA provides the standing and substantive basis for her tort claims, and the claims would involve relitigation of her benefits. Thus, her FTCA claims are barred under the exclusive remedy provision of § 405(h).[3]

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss for lack of subject matter jurisdiction (DE 18) is GRANTED, and plaintiff's cross-motion to dismiss defendant's motion (DE 27) is DENIED. The clerk is DIRECTED to close this case.

---

[3] In the alternative, plaintiff failed to exhaust her administrative remedies with respect to her claims under the FTCA. See 28 U.S.C. §§ 2672, 2675(a); 42 U.S.C. § 902(a)(5); 20 C.F.R. § 429.102; (Dell'Aglio Decl. (DE 20-3) ¶¶ 4–5).

7

SO ORDERED, this the 7th day of April, 2020.

                                                  LOUISE W. FLANAGAN
                                                  United States District Judge